**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN MENDOZA-PUENTES, | No. 12-73407 |
| Petitioner, | Agency No. A098-762-465 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Martin Mendoza-Puentes, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Mendoza-Puentes does not make any arguments in his opening brief challenging the agency's denial of his asylum claim as untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed abandoned).

The BIA determined that Mendoza-Puentes failed to establish the government is unable or unwilling to protect him. The record does not compel the conclusion that the government is unable or unwilling to control the people he fears. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005); *see also Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to report non-governmental persecution due to belief that police would do nothing did not establish that government was unwilling or unable to control persecutors). Thus, Mendoza-Puentes's withholding of removal claim fails.

Finally, Mendoza-Puentes does not raise any arguments to support his statement that the IJ failed to apply mandatory presumptions and applied erroneous legal standards. *See Martinez-Serrano*, 94 F.3d at 1259.

**PETITION FOR REVIEW DENIED.**